Kevin McBride (SBN 116852)
McBRIDE, PC
700 Flower Street
Suite 1000
Los Angeles, CA  90017
Telephone: (213) 600-6077
Facsimile: (213) 600-6005
Email: km@mcbridepc.com

*Attorney for Integrative Health Systems, LLC
and Dr. Hildegarde L. Staninger*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DISTRICT

### (Roybal Federal Building and Courthouse)

| | |
|---|---|
| ANNE LORIMER, <br><br> Plaintiff, <br><br> vs. <br><br> HILDEGARDE L. STANINGER; AND INTEGRATIVE HEALTH SYSTEMS, LLC; <br><br> Defendants | Case No.: 2:22-cv-5308-KS <br><br> **NORTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6);** <br><br> **MEMORANDUM IN SUPPORT** <br><br> <u>Hearing:</u> <br><br> Date:  October 26, 2022 <br> Time:  10:00 am <br> Ctrm:  255 E. Temple St., Los Angeles, <br> Courtroom 580, 5th Floor |

MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)

## NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 26, 2022, at 10:00 am in the above-referenced Court, located at 255 E. Temple St., Los Angeles (Roybal Federal Building and Courthouse), Courtroom 580, 5th Floor, in Los Angeles, California, before the Honorable Karen L. Stevenson, defendants Integrative Health Systems, LLC and Hildegarde L. Staninger will, and hereby do move, pursuant to FRCP Rule 12(b)(6), to dismiss the plaintiff's Complaint for failure to state a claim upon which relief may be granted.  The bases for this motion are as follows:

1.      The First Cause of Action for intentional misrepresentation fails to state a claim upon which relief may be granted, both under FRCP Rule 8(a) and the heightened pleading standard required of fraud claims under FRCP Rule (9)(b). In the First Cause of Action, plaintiff alleges, that Dr. Staninger misrepresented the nature of her licensure and research qualifications (Compl. ¶ 26), without alleging any additional detail that might allow this Court to infer that plaintiff's allegations are *plausible*, as opposed to just *possible*. *Ashcroft v. Iqbal*, 566 US 662, 678 (2009) or *Bell Atlantic v. Twombly*, 550 US 544, 555 (2007). Plaintiff then alleges equally unsupported labels of "reliance" (Compl. ¶30) and "harm" (Compl. ¶31), without specifying precisely "how" plaintiff relied, and without

identifying how she was allegedly "harmed" thereby; and without explaining a causation link between Dr. Staninger's alleged misrepresentation of her credentials and harm to the plaintiff, or how plaintiff's alleged reliance was otherwise reasonable. Simply, plaintiff fails to provide enough detailed allegations to allow this Court to infer plausibility of her claims. The First Cause of Action is therefore deficient under both Rule 8(a) and Rule 9(b) and must be dismissed.

2.      The <u>Second Cause of Action for promissory fraud</u> also fails to state a claim upon which relief may be granted. The Second Cause of Action alleges that plaintiff relied on representations or promises of services that defendants *would provide in the future* (Compl. ¶34). An allegation of fraud must allege, among other things, misrepresentation of a *past or existing* material fact.  *West v. JPMorgan Chase Bank, N.A.*, 214 Cal.App.4th 780, 792 (Cal. Ct. App., 2013). An allegation of fraud also requires detailed pleading required by Rule 9(b) of the "circumstances" of alleged fraud: the "who, what, when, where, and how" of the fraudulent activity. *Kent v. Microsoft Corp.* No. SACV13-0091 DOC (ANx) CACD, July 1, 2013, at p. 4. The Second Cause of Action fails to allege misrepresentation of a past or existing material fact; and also fails to allege detailed circumstances (the "who, what, when, where, and how") of the alleged fraudulent activity.  The Second Cause of Action therefore fails every test for

MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)

pleading under Rule 8(a) or Rule 9(b) and fails to state a claim for which relief may be granted.

3.     The Third Cause of Action for breach of contract also fails to state a claim upon which relief may be granted. The Complaint fails to attach the contract that was allegedly breached or allege the contract terms in detail. The Complaint fails to allege the details of plaintiff's own performance; or the details of defendant's alleged breach; or how plaintiff was resultingly damaged, as required under California law.  *Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co.,* 11 Cal.Rptr.3d 412, 424 n.6 (2004).

Plaintiff only claims she was due 82 reports from defendants (Compl. ¶21); that she timely received the first report and was satisfied with it (Compl. ¶23); and that defendants untimely delivered a second report that was "incomplete and unsatisfactory to Plaintiff." (Compl. ¶24). Plaintiff offers no explanation of what was wrong with the second report; why she was unsatisfied with it; how much was allegedly billed for each of the reports; how much she allegedly paid for each of the reports; what was to be expected from the additional reports that were allegedly not delivered; or any supporting detail that could allow this Court to plausibly infer a breach of contract. Plaintiff's threadbare allegations do not adequately state a claim for breach of contract under the plausibility standard of

-4-

*Iqbal*, *supra*, 566 US at 678 (2009) or *Twombly*, *supra*, 550 US at 555, and therefore fails to state a claim upon which relief may be granted.

4.     The <u>Fourth Cause of Action for "money had and received"</u> also fails to state a claim upon which relief may be granted. Under California law, this legal claim arises when a defendant is in control of money held in a trust or agency relationship that is somehow misused other than for its intended purpose. *Miller v. Rau*, 216 Cal.App.2d 68 (Cal. Ct. App. 1963) ("[W]here one receives money as an agent, to which his principal has no right, and where he receives notice not to pay to his principal prior to disbursement of the funds, an action for money had and received lies against such party.") In the instant case, plaintiff simply alleges she paid money for services she did not find satisfactory. She describes a vendor relationship, not a trust relationship. This fails to state a claim for relief for money had and received, since there is no allegation that money allegedly held by plaintiff was to be held in an express or implied trust relationship, or that money was used other than for its intended purpose of compensating defendants for services rendered.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## TABLE OF CONTENTS

_Toc112062211

I.    INTRODUCTION ................................................................................ 8

II.    STANDARD OF REVIEW ................................................................. 8

III.    THE ALLEGATIONS OF THE FIRST CAUSE OF ACTION  (INTENTIONAL MISREPRESENTATION) FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ................................................................................ 9

IV.    THE ALLEGATIONS OF THE SECOND CAUSE OF ACTION (PROMISSORY FRAUD) FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ................................................................................ 12

V.    THE THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ........................... 13

VI.    THE FOURTH CAUSE OF ACTION FOR "MONEY HAD AND RECEIVED" FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED .......... 14

VII.    THE "ALTER EGO" ALLEGATION FAILS TO STATE A CLAIM FOR UNITY OF OWNERSHIP ................................................................................ 15

VIII.    CONCLUSION ................................................................................ 17

## TABLE OF AUTHORITIES

**Cases**

*Armstrong Petrol. Corp. v. Tri Valley Oil & Gas Co.*, 11 Cal.Rptr.3d 412, 424 n.6. (2004) ................................................................................ 12

*Ashcroft v. Iqbal, supra*, 556 U.S. at 678 ................................................................................ 8, 9, 13, 17

*Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1062 (Cal. Ct. App. 2012) ........................ 11

*Bell Atlantic v. Twombly, supra*, 550 U.S. at 555 ................................................................................ 8, 13

*In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541. 1548 (9th Cir. 1994) ........................... 9

MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)

*Kent v. Microsoft Corp* ........................................................................................ 7, 8, 12

*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d

   981. ................................................................................................................ 12

*Miller v. Rau*, 216 Cal.App.2d 68 (Cal. Ct. App. 1963) ........................................ 14

*Neubronner v. Milken*, 6 F.3d 666- 672 (9th Cir. 1993) ......................................... 9

*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157

   Cal.App.4th 835, 864, 68 Cal.Rptr.3d 828 ............................................... 10

Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 ........................................ 13

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097(9th Cir. 2003) ........................... 9, 10

*West v. JPMorgan Chase Bank, N.A.,* 214 Cal.App.4th 780, 792 (Cal. Ct. App., 2013)

   .......................................................................................................................... 12

*Younan v. Equifax Inc.* (1980) 111 Cal.App.3d 498, 513, 169 Cal.Rptr. 478( *Younan* )

   .......................................................................................................................... 10

MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)

## I.    INTRODUCTION

This case presents remarkably similar claims to those resolved by CACD Judge David O. Carter in *Kent v. Microsoft Corp.* No. SACV13-0091 DOC (ANx) CACD, July 1, 2013. In *Kent v. Microsoft*, as here, the plaintiff sued for fraud and breach of contract, claiming unsatisfactory services.  But based on the facts alleged in *Kent v. Microsoft*, the "Court [could] only know that a service was purchased by the Plaintiff, and that the Plaintiff did not find the service satisfactory." Plaintiff's claims in the instant case echo Judge Carter's observations in *Kent v. Microsoft*. Plaintiff expresses her dissatisfaction with services received but does little more. Her claims are bare labels and conclusions, devoid of enough supporting detail to allow the Court to plausibly infer wrongdoing on any count.  Her allegations amount to little more than … "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678. Further, plaintiff's claims for promissory fraud (First Cause of Action) and money had and received (Fourth Cause of Action) do not state the elements required of either claim, irrespective of whether or not additional detail had been alleged.

## II.    STANDARD OF REVIEW

A plaintiff's obligation to provide the "grounds" of her "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Bell Atlantic v. Twombly*, *supra*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is *plausible on its face*." *Twombly*, 550 US at 570 (emphasis added) A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678.  "Where the well pleaded facts do not permit the court to infer more than the *mere possibility of misconduct*, the complaint has alleged—but it has not "show[n]— 'that the pleader is entitled to relief.' And where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., *Iqbal* at 678. "Rule 8… demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id.

## III.   THE ALLEGATIONS OF THE FIRST CAUSE OF ACTION (INTENTIONAL MISREPRESENTATION) FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

FRCP Rule 9(b) requires that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." Specifically, the "circumstances" required by Rule 9(b) to be properly alleged are the "who, what, when, where, and how" of the fraudulent activity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Neubronner v. Milken*, 6 F.3d 666- 672 (9th

-9-

Cir. 1993) ("[Rule 9(b) requires] the times, dates, places, benefits received, and other details of the alleged fraudulent activity."). Additionally, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541. 1548 (9th Cir. 1994)). Rule 9(b)'s heightened pleading standard applies not only to federal claims, but also to state law claims brought in federal court. Id. at 1103.

The First Cause of Action alleges that Dr. Staninger misrepresented the nature of her professional credentials. (Compl. ¶ 26). Plaintiff then alleges the labels of "reliance" (Compl. ¶30) and "harm" (Compl. ¶31). But plaintiff fails to allege the conditions of fraud: the "who, what, when, where, and how" of the alleged fraudulent activity. *Vess*, *supra*, 317 F.3d at 1097.  The First Cause of Action for intentional misrepresentation fails the heightened pleading standard required of fraud claims under FRCP Rule (9)(b) as to the alleged conditions of fraud. It fails to allege when, where and how the licensure misrepresentations supposedly occurred, including dates of occurrence or sufficient detail that might allow the Court to infer that misrepresentations plausibly occurred.

And critically, plaintiff fails to allege a causation link between her alleged reliance and harm. Under applicable California law, a plaintiff asserting fraud by misrepresentation is obliged to ... "'establish a complete causal relationship' between the alleged misrepresentations and the harm claimed to have resulted

therefrom." (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 864, 68 Cal.Rptr.3d 828.) "The causation aspect of actions for damage for fraud and deceit involves three distinct elements: (1) actual reliance, (2) damage resulting from such reliance, and (3) right to rely or justifiable reliance." (*Younan v. Equifax Inc.* (1980) 111 Cal.App.3d 498, 513, 169 Cal.Rptr. 478( *Younan* ).) Thus, there are two causation elements in a fraud cause of action. First, the plaintiff's actual and justifiable reliance on the defendant's misrepresentation must have caused him to take a detrimental course of action. Second, the detrimental action taken by the plaintiff must have caused his alleged damage. *Beckwith v. Dahl*, 205 Cal.App.4th 1039, 1062 (Cal. Ct. App. 2012). Neither causation element is alleged in the Complaint. Plaintiff fails to allege *actual reliance* on the alleged misrepresentations as to Dr. Staninger's credentials, or that any such reliance was *reasonable* under the circumstances. The First Cause of Action is therefore deficient under both Rule 8(a) and Rule 9(b) and must be dismissed.

Finally, there is utterly no plausible basis for plaintiff's claim for punitive damages alleged in the First Cause of Action, or elsewhere in the Complaint, and this damages claim must be dismissed.

MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.   THE ALLEGATIONS OF THE SECOND CAUSE OF ACTION (PROMISSORY FRAUD) FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The elements of fraud are (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages. *West v. JPMorgan Chase Bank, N.A.*, 214 Cal.App.4th 780, 792 (Cal. Ct. App., 2013) quoting (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981.)

The Second Cause of Action fails entirely to plead the requisite elements of fraud.  The Second Amended Complaint only alleges that plaintiff relied on representations or promises of services that defendants *would provide in the future*. Critically, the first element of fraud must allege a false representation as to a *past or existing material fact*. Id. By alleging a promise to be performed in the future, the Second Cause of Action fails to properly allege fraud as to an existing material of fact, and therefore fails to state a claim for which relief may be granted. Id.

1
2

## V.   THE THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT
## FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

3

4          "[T]o state a [valid] claim for breach of contract, the plaintiff must plead: 1)

5    the existence of the contract; 2) plaintiff's performance or excuse for

6    nonperformance of the contract; 3) defendant's breach of the contract; and 4)

7

8    resulting damages." *Kent v. Microsoft*, *supra* at 3, quoting *Armstrong Petrol. Corp.*

9    *v. Tri Valley Oil & Gas Co*., 11 Cal.Rptr.3d 412, 424 n.6.  (2004). The Complaint

10

11   fails to attach the contract that was allegedly breached, or recite any such contract

12   in detail. The Second Cause of Action fails to allege the details of plaintiff's own

13   performance, or defendant's alleged breach, or how plaintiff was resultingly

14
15   damaged.  Id. The Second Cause of Action for breach of contract fails to provide

16   enough facts regarding "the terms of the contract, the expected performance by

17
18   Defendant under the contract, or Defendant's purported breach," as required under

19   California law. Id.

20          Plaintiff claims she was due 82 reports (Compl. ¶21). Plaintiff alleges she

21

22   timely received the first report and was satisfied with it. (Compl. ¶23). Plaintiff

23   alleges that defendants untimely delivered a second report that was "incomplete

24
25   and unsatisfactory to Plaintiff." (Compl. ¶24). There is no explanation of what was

26   wrong with the second report that would allow this Court to plausibly infer a

27
28   breach of contract, or what was to be expected from the additional reports that

were allegedly not delivered, or how much was billed for each report or paid for

each report. Simply, the Second Cause of Action does explain enough about the

"terms of the contract, the expected performance or the purported breach" to

satisfy the plausibility standard of *Iqbal*, *supra*, 566 US at 678 ("[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice") or *Twombly*, *supra*, 550 US at 555 ("a plaintiff's

obligation to provide the "grounds" of his "entitle[ment] to relief" requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932,

(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion

couched as a factual allegation.)). Because the Third Cause of Action for breach of

contract fails the plausibility test of *Iqbal* and *Twombly*, it must be dismissed for

failure to state a claim upon which relief may be granted.

## VI.   THE FOURTH CAUSE OF ACTION FOR "MONEY HAD AND RECEIVED" FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The Fourth Cause of Action for "money had and received" also fails to state

a claim under which relief may be granted. Under California law, a claim for

"money had and received" arises when a defendant is in control of money that

belongs, or is to be paid, to a third party, or is designated for a specific use other

-14-

than compensation for services rendered. *Miller v. Rau*, 216 Cal.App.2d 68 (Cal. Ct. App. 1963) ("[W]here one receives money as an agent, to which his principal has no right, and where he receives notice not to pay to his principal prior to disbursement of the funds, an action for money had and received lies against such party."

In the instant case, plaintiff alleges she paid money for services she did not find satisfactory. This fails to state a claim for relief for money had and received, since there is no allegation that money allegedly held by plaintiff was to be held in an express or implied trust relationship, to designated for a specific use other than to compensation defendants for services rendered to plaintiff. Id.

## VII.   THE "ALTER EGO" ALLEGATION FAILS TO STATE A CLAIM FOR UNITY OF OWNERSHIP

In ¶ 5 of the Complaint, plaintiff alleges an "alter ego" relationship between defendants, essentially as follows:

(a) that IHS is and was the alter ego of Dr. Staninger;

(b) that IHS was formed and operated with inadequate capitalization;

(c) That IHS failed to respect other corporate formalities that would indicate a separate existence from Dr. Staninger;

-15-

(d) That Dr. Staninger was the sole employee of IHS;

(e) that there is a unity of ownership and interest by and between Dr. Staninger and IHS such that any separateness between them has never existed.

These threadbare allegations stop far short of alleging a *plausible* alter ego relationship between Dr. Staninger and IHS. Even before discovery, basic facts related to an alter ego claim are to be investigated and alleged subject to FRCP Rule 11, such as:

- what inferences are allowed from filed (or unfiled) corporate documents?

- In a claim for monetary relief, such as this one, which entity submitted invoices for payment and to whom were invoices paid?

- Do other documents memorializing the arrangement between parties reflect multiple entities, or just a single entity?

Plaintiff has failed to allege even this basic due diligence. She fails to reference corporate documents for IHS from the California Secretary of State, or from any public source. She alleges invoices from "Defendants" in the amount of $254,741.97 but fails to state which defendant submitted invoices for payment. She also claims payments "in excess of $300,000.00 to Defendants," but does not allege that any alleged payment was made to Dr. Staninger, individually. She claims that Staninger is the sole employee of HIS (Complaint ¶5) but sole

employee corporations are not unusual. The "sole employee" allegation stops short of the line between "possibility and plausibility" that an alter ego relationship exists. Plaintiff fails to identify a single fact, document or statement by Ms. Staninger that might "nudged [her] claims" of alter ego "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.  Plaintiff's alter ego theory of liability must therefore be rejected.  This Court should require plaintiff to specifically allege claims against the appropriate defendant under plausible legal theories.

## VIII.  CONCLUSION

In the instant case, the Complaint expresses plaintiff's dissatisfaction with services received but does little more. Her claims are threadbare labels and conclusions, devoid of enough supporting detail to allow the Court to plausibly infer wrongdoing on any count.  Her allegations amount to little more than … "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" (*Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678) and fail to state a claim upon which relief may be granted under any of the four causes of action. The Complaint must be dismissed in its entirety.

Dated: August 22, 2022

McBRIDE, PC

*/s/ Kevin McBride*

By: _____

KEVIN McBRIDE

*Attorney for Dr. Hildegarde L. Staninger*
*and Integrative Health Systems, LLC*

MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6)